UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEIL DYER,

    Plaintiff,

v.                                      Case No:  5:15-cv-69-Oc-30PRL

CHOICE LEGAL GROUP P.A., et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant Choice Legal Group, P.A.'s Motion to Dismiss (Doc. 10), Plaintiff's response in opposition thereto (Doc. 16), Defendants Claudia Buron Moline and Sheena Fernandez's Motion to Dismiss (Doc. 17), Plaintiff's response in opposition thereto (Doc. 20), Defendant Michael Fontalvo's Motion to Dismiss (Doc. 21), and Plaintiff's response in opposition thereto (Doc. 25).[1] The Court, having reviewed the motions and responses, and being otherwise fully advised in the premises, concludes that the motions to dismiss should be granted.

## BACKGROUND

Plaintiff, who is proceeding pro se, initiated this action against Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Florida Consumer Collections Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-.785,

---

[1] Defendants' motions to dismiss raise identical arguments, so the Court addresses them simultaneously.

arising from Defendants' activities in prosecuting a foreclosure action against Plaintiff in the Fifth Judicial Circuit in and for Lake County, Florida, on behalf of the Bank of New York Melon.[2] Defendants Choice Legal Group, P.A., Claudia Buron Moline, Sheena Fernandez, and Michael Fontalvo were the law firm and lawyers responsible for initiating and prosecuting the foreclosure action. As of March 2014, however, Defendants were no longer involved in the maintenance of the foreclosure action against Plaintiff.

Defendants argue that Plaintiff's complaint should be dismissed for several reasons. First, Defendants contend that Plaintiff's claims are barred by Florida's litigation privilege. Second, Defendants argue that Plaintiff's FDCPA claims are barred by the one-year statute of limitations. Third, Defendants request that the court refrain from considering Plaintiff's claims under the *Younger*[3] doctrine until the ongoing state-court foreclosure proceeding has been resolved. Finally, Defendants argue that Plaintiff has failed to state a claim upon which relief could be granted.

## DISCUSSION

### A. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint

---

[2] Defendants request that the Court take judicial notice of the state foreclosure proceedings and the documents filed therein. But it is not necessary to take judicial notice of the state foreclosure proceedings because Plaintiff's complaint admits that the proceedings are ongoing and provides the facts relevant to Plaintiff's claims, which the Court accepts as true for the purposes of resolving Defendants' motions to dismiss.

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

2

as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**B. Analysis**

    **1. Whether Plaintiff's claims are precluded by Florida's litigation privilege.**

As an initial matter, Defendants assert that Florida's litigation privilege proscribes Plaintiff's claims under both the FCCPA and the FDCPA.[4] Defendants are mistaken because Florida's litigation privilege does not apply to claims brought under federal law. *See Battles v. Clarfield, Okon, Salomone & Pincus, P.L.*, No. 6:14-cv-1337-Orl-31KRS, 2014 WL 5454411, at *1 (M.D. Fla. Oct. 27, 2014); *see also Rotenberg v. MLG, P.A.*, No. 13-cv-22624-UU, 2013 WL 5664886, at *4 (S.D. Fla. Oct. 17, 2013). Thus, the Court addresses the application of Florida's litigation privilege as to Plaintiff's claim under the FCCPA only.

Florida recognizes an absolute litigation privilege that must be "afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Plaintiff alleges that Defendants violated

---

[4]Defendants rely upon *Acosta v. James A. Gustino, P.A.*, No. 6:11–CV–1266–ORL, 2014 WL 1764713 (M.D. Fla. May 2, 2014), for the proposition that Florida's litigation privilege applies to claims brought pursuant to the FDCPA. But the order relied upon by Defendants was later withdrawn and substituted with an order holding that the Florida litigation privilege applies only to state-law claims.

the FCCPA by "claiming, attempting or threatening to enforce a debt when such person knew that the consumer debt was not legitimate." Plaintiff admits that he received no communications from Defendants prior to Defendants' initiation of the foreclosure action. Moreover, Plaintiff merely alleges that Defendants filed and maintained a foreclosure action. He does not complain of any acts not related to the foreclosure action.

The filing and maintenance of a legal action, such as an action in foreclosure, is precisely the kind of activity protected by Florida's litigation privilege. *See Davidson v. Capital One, N.A.*, No. 14-20478-CIV, 2014 WL 3767677, at *5 (S.D. Fla. July 31, 2014); *Mikesell v. FIA Card Servs., N.A.*, No. 2:12-cv-606-FTM-29DNF, 2013 WL 5781241, at *2 (M.D. Fla. Oct. 25, 2013). Whether or not the action is legitimate or premised upon misrepresentations, as alleged by Plaintiff, does not affect the application of the litigation privilege. *See Davidson*, 2014 WL 3767677, at *5 (noting that the plaintiff's allegations that the foreclosure suit was meritless because it contained false allegations was not relevant in determining whether the litigation privilege applied). Consequently, Defendants are entitled to immunity under Florida's litigation privilege as to Plaintiff's FCCPA claim, and this claim should be dismissed.

Even if Plaintiff's FCCPA claim were not precluded by Florida's litigation privilege, the claim would still be subject to dismissal because Plaintiff fails to state a claim upon which relief could be granted. Liability under the FCCPA is triggered by debt-collection practices. Fla. Stat. § 559.72 (governing the collection of consumer debts). However, "filing a foreclosure lawsuit is not a debt collection practice under § 559.72 of the FCCPA." *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361

4

(M.D. Fla. 2007); *see also Conklin v. Wells Fargo Bank, N.A.*, No. 6:13-cv-1246-Orl-37KRS, 2013 WL 6409731, at *2 (M.D. Fla. Dec. 9, 2013) ("It is true that 'a mortgage foreclosure action itself' does not qualify as debt collection under the FCCPA.").

### 2. Whether Plaintiff's FDCPA claim is barred by the statute of limitations.

Plaintiff alleges that Defendants violated the FDCPA by (1) falsely representing the character and amount of Plaintiff's debt in violation of § 1692e(2), (2) initiating a meritless foreclosure action against Plaintiff in violation of § 1692e(5), (3) using false representation and deceptive means to collect a debt in violation of § 1692e(10), (4) failing to inform Plaintiff that they were debt collectors in the initial communication in violation of § 1692e(11), (5) attempting to collect an amount beyond the debt authorized by the agreement creating the debt or by law in violation of § 1692f(1), and (6) failing to cease collection efforts until the debt was validated and overshadowing Plaintiff's right to contest the debt by failing to send notice prior to filing suit in violation of § 1692g(a). Defendants contend that Plaintiff's FDCPA claim should be dismissed because it is barred by the applicable statute of limitations. The Court agrees.

An action brought pursuant to the FDCPA must be brought within one year of the date on which the alleged violation occurred. *See* 15 U.S.C. § 1692k(d). Plaintiff initiated this action on February 12, 2015. Plaintiff's FDCPA claim stems from Defendants' filing of a foreclosure action against Plaintiff in state court on October 18, 2013. Plaintiff alleges that his claim is not time-barred because he did not learn of Defendants' FDCPA violations until May 2014. (Doc. 16 at 5). However, the actions of which Plaintiff complains occurred upon the filing of the foreclosure complaint. *See Zenon v. Palisades Collection,*

*LLC*, No. 8:07-cv-2198-T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) ("The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered."). Plaintiff should have known of the alleged violations at that time, and therefore the statute of limitations began to run on that date. Because Plaintiff's action was filed more than a year after the alleged violations, his FDCPA claim is time-barred and should be dismissed.

Additionally, even if Plaintiff's claim for violations of the FDCPA were not time-barred, it would still be dismissed for failure to state a claim upon which relief could be granted. To state a claim under the FDCPA, Plaintiff must establish that he was the object of debt-collection activity. *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). The initiation and prosecution of a mortgage foreclosure action, standing alone, does not constitute debt collection under the FDCPA. *See Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009). Granted, the filing of a foreclosure action does not push all activities related to that foreclosure action outside the ambit of the FDCPA, i.e., an entity can both enforce a security interest and attempt to collect a debt. *See Reese*, 678 F.3d at 1217; *see also Dunavant v. Sirote & Permutt, P.C.*, No. 14-13314, 2015 WL 525536, at *2 (11th Cir. Feb. 9, 2015); *Birster v. Am. Home Mortg. Serv. Inc.*, 481 F. App'x 579, 582 (11th Cir. 2012).

To be clear, however, the simple act of filing a foreclosure action and taking the necessary steps to prosecute that action are not actionable under the FDCPA. There must be something more. Plaintiff must allege facts establishing that the Defendants also attempted to collect a debt. Because Plaintiff has not alleged any specific acts of

6

Defendants outside instituting and maintaining the foreclosure action that would amount to debt-collection activity, Plaintiff has failed to allege a violation of the FDCPA.

## CONCLUSION

Plaintiff's FCCPA claim is precluded by the Florida litigation privilege, and his FDCPA claim is time-barred. Additionally, both claims fail to state a cause of action under either the FCCPA or the FDCPA. As such, Plaintiff's complaint should be dismissed. Because the Court concludes that dismissal of Plaintiff's claims is warranted on other grounds, it need not address whether *Younger* abstention is appropriate.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Choice Legal Group, P.A.'s Motion to Dismiss (Doc. 10) is GRANTED.

2. Defendants Claudia Buron Moline and Sheena Fernandez's Motion to Dismiss (Doc. 17) is GRANTED.

3. Defendant Michael Fontalvo's Motion to Dismiss (Doc. 21) is GRANTED.

4. Plaintiff's complaint is DISMISSED with prejudice.

5. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record